IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH MLASKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 16-cv-584-SMY |
| | ) |
| WEXFORD HEALTH SOURCES, | ) |
| KIM JOHNSTON, | ) |
| CAMILLA ETINENNE, | ) |
| LOUIS SHICKER, and | ) |
| ALPHONSO DAVID | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner, an inmate at Shawnee Correctional Center, brings this Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 2321 and 28 U.S.C. § 1361. He seeks to compel the respondents to produce certain medical records and other documents that he alleges are relevant to his state court civil suit, No. 15-mr-3, filed in Sangamon County, a Freedom of Information Act Request case and appeal, and a case pending in this Court, No. 15-cv-918-MJR-SCW (hereinafter "§ 1983 case"). The Court also takes up Petitioner's Motion for Leave to Proceed IFP (Doc. 3) and his Motion to Stay at this time. (Doc. 4).

As Petitioner has alleged that the documents are relevant to 15-918, the Court takes judicial notice of several facts in the record on that case. Petitioner filed his § 1983 case on August 7, 2015 in the Northern District of Illinois. (Doc. 1, § 1983 case). It was transferred to this Court on August 18, 2015. (Doc. 7, § 1983 case). In lieu of an Answer, the defendants moved to stay proceedings in their entirety because the matter was part of the ongoing litigation

in the state court case, 15-3.  (Doc. 40, § 1983 case).  The Court stayed the case on March 2, 2016 pending the resolution of the state case.  (Doc. 62, § 1983 case).

      Two days after the case had been stayed, Petitioner filed a motion seeking the medical records relevant to his case.  (Doc. 63, § 1983 case).  That motion was denied due to the stay.  (Doc. 65, § 1983 case).  Undaunted, Petitioner continued to file various discovery motions and objections.  Petitioner filed a Motion for Leave to File a Petition for Writ of Mandamus on April 14, 2016, (Doc. 73, § 1983 case); in fact, he attached an identical copy of that motion to this case at Doc. 1-2.  That motion was denied because the case was stayed.  (Doc. 76, § 1983 case).  On April 27, 2016 the stay was lifted as Defendants had indicated that the state court case had been dismissed; Defendants were also directed to file a motion on res judicata grounds.  (Doc. 79, § 1983 case).

      Petitioner immediately re-filed all of the motions that had been denied while the case was stayed, including his Motion for Writ of Mandamus.  (Doc. 84, § 1983 case).  The Petition presently before the Court appears to be an exact copy of the motion filed at Doc. 84 in Petitioner's § 1983 case.  That motion is currently pending and no ruling has issued.

      As the Court directed, the defendants filed a motion raising the issue of res judicata in the § 1983 case at Doc. 89.  The defendants argued that there are identical parties and cause of action between the suits, and that there has been a final judgment on the merits in the state court suit.  (Doc. 90, § 1983 case).  Notably, the defendants quote Judge Schmidt, who oversaw the state court action, as finding that "[Petitioner] has provided the Court with extensive records of his medical history and treatment.  The Court finds these records to be credible and further finds these records contradict [Petitioner]'s claims that he was denied treatment or knowingly or intentionally provided ineffective treatment." (Doc. 90, p. 4, § 1983 case).

On May 17, 2016, the defendants moved the Court to stay discovery pending the outcome of the motion to dismiss on res judicata grounds. (Doc. 92, § 1983 case). The Court granted that relief, and denied several of Petitioner's discovery motions pending resolution of the dispositive motions. (Doc. 94, § 1983 case). Petitioner was instructed that he may renew his discovery requests when and if the case survives. (Doc. 94, § 1983 case). Discovery remains stayed in that case.

As is implicit in the above history of Petitioner's litigation efforts, his Petition is fatally flawed and will be dismissed with prejudice.

## ANALYSIS

First, mandamus is not an appropriate remedy against the named respondents because a federal district court has no mandamus jurisdiction to compel action by state court officials. *Jones v. Burris*, 825 F. Supp. 860, 861 (N.D. Ill. 1993). Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." Respondents here are neither officers nor employees of the United States or any agency thereof. They are state employees. In other circumstances, the Court might have construed Petitioner's claims as falling under § 1983, but it is clear from Petitioner's litigation history that he has pursued his remedies as to those claims in other litigation, including § 1983 litigation.

Petitioner has also cited to 28 U.S.C. § 2321 as a source of jurisdiction, but that act authorizes judicial review of the Surface Transportation Board orders and decisions. It is not relevant to these proceedings as they do not implicate those orders and decisions in any way, shape or form.

3

Second, the grant of jurisdiction to hear mandamus actions has been substantially limited in scope in this Circuit. Specifically, the Seventh Circuit has recognized that mandamus is an "extraordinary remedy" and, as such, may be invoked only when there is: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. *Scalise v. Thornburgh*, 891 F.2d 640, 647-48 (7th Cir. 1989), cert. denied, 494 U.S. 1083 (1990); *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir.1987) (quoting *Homewood Professional Healthcare Center, Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir.1985)); see also *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir.1978) (It is manifest that the judiciary cannot compel through a writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty).

Here, a writ is far from Petitioner's only adequate remedy. Petitioner has pursued these same claims in state court, and it appears from the judge's comments in that case that Petitioner conducted discovery and acquired some of the documents he now seeks in that forum. Additionally, and perhaps because he was not content with the direction of the state court claims, he has brought identical claims in this Court. Discovery has not closed in that case and may yet be available to Petitioner. Petitioner has explicitly been advised that he may pursue all of his discovery options, including motions to compel, if and when his case survives the pending motions to dismiss. Petitioner concedes as much himself in his motion to stay, discussed in depth below. (Doc. 4). Petitioner has also ignored other procedural methods that may have afforded him relief. The order denying Petitioner's most recent discovery requests was signed by the Magistrate Judge on that case. Petitioner could have appealed that order to Chief District Judge Reagan pursuant to Local Rule 73.1, but choose not to. Finally, Petitioner has an identical

motion pending in his § 1983 case, which makes this case particularly frivolous as the request for relief is already under consideration by another judge of this Court.

### PENDING MOTIONS

The Petition is legally frivolous in the sense that it lacks any arguable basis for a federal claim. *Neitzke v. Williams*, 490 U.S. 319 (1989), and the Court **DENIES** Petitioner's motion for leave to file in forma pauperis accordingly. (Doc. 3). Perhaps anticipating this result, Petitioner has also filed a Motion for Stay of Proceedings pending the outcome and resolution of these issues in 15-918. (Doc. 4). In that motion, he concedes that discovery in his other case may give him the documents he seeks. The Court takes this as an admission that the current Petition is frivolous. The Court declines to stay this case, as it is clear that there is no legal basis for the relief Petitioner seeks. Staying the case would serve no purpose and only delay the inevitable. Accordingly, Petitioner's Motion to Stay is also **DENIED**. (Doc. 4).

### DISPOSITION

**IT IS HEREBY ORDERED** that the Petition is **DISMISSED**, with prejudice for lack of jurisdiction and because the Petition is frivolous. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g), which directs strikes to be assessed against prisoners who have brought an action deemed frivolous.

If Petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan*

*v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Petitioner may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    **IT IS SO ORDERED.**

    **DATED: August 5, 2016**

    **s/ STACI M. YANDLE**
    **U.S. District Judge**